ANTISDEL, (HAWES v.) See Case No. 6,234.]

## Case No. 491.

### The ANTOINETTA C.

[5 Ben. 564;[1] 15 Int. Rev. Rec. 115.]

District Court, S. D. New York. March, 1872.

##### DAMAGE TO CARGO—PERIL OF THE SEA.

Casks of bleaching powders were stowed in the hold of a vessel, against the skin, without dunnage. Water, which came in through the deck and water-ways, reached the casks and wet their contents, which rotted the wood of the casks. The casks were stove by reason of this, and the bleaching powders were mixed with the water, and this water reached some bundles of bags and injured them. The bags

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

were being carried under a bill of lading which excepted the dangers of the seas: *Held*, that the injury to the bags was not caused by the dangers excepted, and that the ship was liable for the damage.

[Cited in The H. G. Johnson, 48 Fed. 697.]

[See note at end of case.]

In admiralty.

Townsend Scudder, for libellants.
James D. Reymert, for claimant.

BLATCHFORD, District Judge. This libel is filed to recover for the damage caused to sundry bales of empty grain bags, while being transported under a bill of lading, by the bark Antoinetta C., from Liverpool to New York. The libel alleges that the goods were damaged by contact with sea water and with certain bleaching powders on board of the bark, and that the damage was not caused by the perils of the seas, or by any of the perils excepted in the bill of lading. The answer alleges that the damage was caused by the accidents and perils of the seas.

The bill of lading acknowledges the receipt of the bales of empty bags in good order, and contracts for their delivery in like good order, the dangers and accidents of the seas and navigation excepted. That the bales of bags came out of the vessel in a more or less damaged condition, is shown. The injury arose from the destruction of the fibre of the bags, by their having been wet by water in which bleaching powder or soda ash was dissolved. The burden of proof is on the claimant to show that this was a peril of the sea. There was on board both bleaching powder and soda ash, in casks. Some of the casks of bleaching powder were stowed against the skin of the ship, without any dunnage. The bleaching powder became wet, the water penetrating through the wood of the casks. The effect was to rot the wood, and break it, and discharge some of the powder, which mixed with the water and became dissolved in it, and reached the bags, and saturated and burned them. The water which wet the bleaching powder leaked through the deck and water-ways. If the bleaching powder had remained dry, there would according to the evidence, have been no such result as there was. I cannot regard it as a peril of the sea, to stow casks of bleaching powder in such relation to bales of grain bags, that the casks, being against the skin of the ship, may become wet, and the bleaching powder become wet, and destroy the wood of the casks, so that, by the rolling of the vessel, the casks will be stove and discharge their contents so as to reach and injure the bales of bags. The loss is not shown to be one which could not be guarded against by the ordinary exertion of skill and prudence on the part of the ship owner. The Reeside, Case No. 11,657; Bearse v. Ropes, Id. 1,192.

There must be a decree for the libellants,

with costs, with a reference to a commissioner to ascertain the damages.

[NOTE. As to the point that a carrier is bound to observe reasonable care in loading and stowing chemicals or bleaching powders, see The St. Patrick, 7 Fed. 125; The Kate Irving, 5 Fed. 630; The Pharos, 9 Fed. 912.]